FILED
2008 Sep-17  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2008 SEP 12  PM 3:45

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| TYRON WORKS and ALICIA DEVONNE WORKS, <br><br> Plaintiffs, <br><br> v. <br><br> A1 MORTGAGE CORPORATION, TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | CASE NO. _ <br> CV-08-AR-1686-S <br><br> **Removed from the Circuit Court of Jefferson County: CV-08-902602** |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion"), and Equifax Information Services, LLC, herein incorrectly sued as Equifax Information Services, Inc. ("Equifax"), hereby file their Joint Notice of Removal of the above-captioned action to this Court and state as follows:

1. Experian, TransUnion, Equifax, and Defendant A1 Mortgage Corporation ("A1") are named Defendants in Civil Action No. CV-2008-902602.00 filed in the Circuit Court of Jefferson County, Alabama (the "State Court Action").

2. As of the filing of this Joint Notice of Removal, Plaintiffs have not yet served A1 with service of process. *See* Case Action Summary in State Court Action, a true and accurate copy of which is attached hereto as Exhibit A. Thus, pursuant to the

{W0213083.1 }

well-established exception to the rule of unanimity among defendants with respect to removal, it is not necessary that A1 join in this removal. *See Miles v. Kilgore*, 928 F. Supp. 1071, 1075 (N.D. Ala. 1996) (identifying the "well recognized" exceptions to the rule requiring all defendants, in multi-defendant litigation, to join in a removal, including that a defendant need not join in if it had not been served with process at the time the removal notice was filed) (citing *Katz v. Costa Armatori, S.P.A.*, 718 F. Supp. 1508, 1509 (S.D. Fla. 1989); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)).

3.      The Complaint in the State Court Action was filed with the Clerk of the Jefferson County Circuit Court on August 11, 2008.  Defendants TransUnion and Equifax were the first defendants served and were served with the Complaint on August 14, 2008.

4.      In accordance with Title 28, United States Code, § 1446(b), this Notice is being filed with this Court within thirty (30) days after Defendants TransUnion and Equifax received a copy of Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.[1]

5.      A true and accurate copy of all process, pleadings, and orders served upon the Defendants in the State Court Action is attached hereto as Exhibit B.  The attached

---

[1] The United States Court of Appeals for the Eleventh Circuit recently abandoned the long-standing "first-served defendant" rule in this circuit and adopted the "last-served defendant" rule, which permits each defendant, in multi-defendant litigation and upon formal service of process, 30 days to file a notice of removal pursuant to 28 U.S.C. § 1446(b), regardless of when other defendants were served with process. *See Bailey v. Janssen Pharmaceutica, Inc.*, 2008 U.S. App. LEXIS 16042, *19 (11th Cir. July 29, 2008). Out of an abundance of caution, however, Defendants to this removal file this Joint Notice of Removal in compliance with the stricter "first-served defendant" rule, thereby also satisfying the "last-served defendant" standard which the Eleventh Circuit recently adopted.

pleadings are, upon information and belief, the only process, pleadings, and orders in the State Court action to date.

6.     Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.     TransUnion is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. TransUnion uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

8.     Equifax is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Equifax uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

9.     Upon information and belief, A1 is a corporation which regularly furnishes information to one or more consumer reporting agencies about its transactions or

experiences with consumers, and therefore is a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2.

10.     The claims for relief against all defendants alleged in the State Court Action arise under federal law, namely the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u. Because the Complaint contains a federal cause of action, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

11.     All defendants served with the Complaint in the State Court Action consent to and join in this Joint Notice of Removal. The defendants' joinder and/or consent to removal is evidenced by the consent forms attached hereto as Exhibit C.

12.     Promptly after the filing of this Joint Notice of Removal, Defendants shall provide notice of the removal to Plaintiffs through their attorney of record in the State Court Action and to the clerk of the Court in the State Court action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendants Experian Information Solutions, Inc., TransUnion LLC, and Equifax Information Services LLC hereby remove the above-described action pending in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

L. Jackson Young, Jr. (ASB-7946-G65L)
*Attorney for Defendant Experian Information Solutions, Inc.*

**OF COUNSEL:**
**FERGUSON, FROST & DODSON, LLP**
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205) 879-8722 - Telephone
(205) 879-8831 - Telecopier

**OF COUNSEL (Pending Pro Hac Admission):**
Erin L. Dickinson
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939 - Telephone
Email: eldickinson@jonesday.com
*Attorney for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

  This is to certify that on this the 12th day of September 2008, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    _____X_____mailing the same by first-class United States mail,
             properly addressed and postage pre-paid

    _____hand delivery

    _____via facsimile

    _____electronically via CM/ECF

John G. Watts, Esq.
WATTS LAW GROUP, P.C.
201 Avon Place
700 29th Street South
Birmingham, Alabama 35233

M. Stan Herring, Esq.
M. STAN HERRING, P.C.
201 Avon Place
700 29th Street South
Birmingham, Alabama 35233

                _____
                OF COUNSEL

# Case Action Summary - 01CV200890260200

| Date | Time | Code | Comments |
|------|------|------|----------|
| 08/11/2008 | 7:51:22 | EFILE | COMPLAINT E-FILED. |
| 08/11/2008 | 7:51:32 | FILE | FILED THIS DATE: 08/11/2008        (AV01) |
| 08/11/2008 | 7:51:33 | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) |
| 08/11/2008 | 7:51:34 | ASSJ | ASSIGNED TO JUDGE: J SCOTT VOWELL        (AV01) |
| 08/11/2008 | 7:51:35 | TDMJ | JURY TRIAL REQUESTED        (AV01) |
| 08/11/2008 | 7:51:36 | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) |
| 08/11/2008 | 7:51:37 | ORIG | ORIGIN: INITIAL FILING        (AV01) |
| 08/11/2008 | 7:51:40 | EFILE | COMPLAINT - SUMMONS |
| 08/11/2008 | 7:51:50 | PART | WORKS TYRON ADDED AS C001        (AV02) |
| 08/11/2008 | 7:51:51 | ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN |
| 08/11/2008 | 7:51:52 | ATTY | LISTED AS ATTORNEY FOR C001: HERRING M STAN (AV02) |
| 08/11/2008 | 7:52:02 | PART | WORKS DEVONNE ADDED AS C002        (AV02) |
| 08/11/2008 | 7:52:03 | ATTY | LISTED AS ATTORNEY FOR C002: WATTS JOHN GRIFFIN |
| 08/11/2008 | 7:52:04 | ATTY | LISTED AS ATTORNEY FOR C002: HERRING M STAN (AV02) |
| 08/11/2008 | 7:52:16 | PART | A1 MORTGAGE CORPORATION ADDED AS D001        (AV02) |
| 08/11/2008 | 7:52:17 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) |
| 08/11/2008 | 7:52:18 | SUMM | CERTIFIED MAI ISSUED: 08/11/2008 TO D001    (AV02) |
| 08/11/2008 | 7:52:28 | PART | TRANS UNION, LLC ADDED AS D002        (AV02) |
| 08/11/2008 | 7:52:29 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) |
| 08/11/2008 | 7:52:30 | SUMM | CERTIFIED MAI ISSUED: 08/11/2008 TO D002    (AV02) |
| 08/11/2008 | 7:52:40 | PART | EQUIFAX INFORMATION SERVICES, LLC ADDED AS D003 |
| 08/11/2008 | 7:52:41 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE        (AV02) |
| 08/11/2008 | 7:52:42 | SUMM | CERTIFIED MAI ISSUED: 08/11/2008 TO D003    (AV02) |
| 08/11/2008 | 7:52:52 | PART | EXPERIAN INFORMATION SOLUTIONS, INC. ADDED AS D004 |
| 08/11/2008 | 7:52:53 | SUMM | CERTIFIED MAI ISSUED: 08/11/2008 TO D004    (AV02) |
| 08/11/2008 | 7:52:54 | ATTY | LISTED AS ATTORNEY FOR D004: PRO SE        (AV02) |
| 08/18/2008 | 9:10:09 | SERC | SERVICE OF CERTIFIED MAI ON 08/14/2008 FOR D002 |
| 08/18/2008 | 9:10:31 | SERC | SERVICE OF CERTIFIED MAI ON 08/14/2008 FOR D003 |
| 08/27/2008 | 1:32:00 | RETU | RETURN OF PARTY MOVED ON 08/25/2008 FOR D001(AV02) |
| 08/27/2008 | 1:32:15 | RETU | RETURNED PARTY MOVED    ON 08/25/2008 FOR D001 |
| 09/01/2008 | 7:37:12 | EALIA | ALIAS SUMMONS E-FILED |
| 09/01/2008 | 7:37:43 | EALIA | ALIAS SUMMONS - SUMMONS |
| 09/01/2008 | 7:38:50 | D001 | ADDR1 CHANGED FROM: C/O MARIA SALVATI        (AV02) |
| 09/01/2008 | 7:38:51 | D001 | ADDR2 CHANGED FROM: 115 STURBRIDGE LANE    (AV02) |
| 09/01/2008 | 7:38:52 | D001 | ADDR CITY CHANGED FROM: EVANS CITY        (AV02) |
| 09/01/2008 | 7:38:53 | REIS | REISSUE OF CERTIFIED MA ON 09/01/2008 FOR D001 |
| 09/08/2008 | 12:54:29 | TEXT | RET OF NO SVC NOT ON 09082008:NOT AT ADDRESS |

 **END OF THE REPORT**



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-200<br>Date of Filing:<br>08/11/2008 | ELECTRONICALLY FILED<br>8/11/2008 7:51 PM<br>CV-2008-902602.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FCRA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT _____

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** WAT056    8/11/2008 7:45:52 PM    /s JOHN WATTS

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided



ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation, | ) Civil Action No.: ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and for

Plaintiffs Complaint against the Defendant states as follows:

### PARTIES

1.  Plaintiff Tyron Works (hereinafter "Plaintiff Tyron") is a natural person who resides in

    Alabama.

2.  Plaintiff Alicia Devonne Works[1] (hereinafter "Plaintiff Alicia") is a natural person who

    resides in Alabama.

3.  Defendant A1 Mortgage Corporation ("Defendant" or "A1") is a foreign corporation

    doing business in Alabama.

4.  Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company

    (incorporated in Delaware) that engages in the business of maintaining and reporting

---

[1] F/K/A Alicia Devonne Bunch.

consumer credit information and does business in Alabama.   Its principal place of
business is the State of Illinois and it is incorporated in Delaware.

5.      Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign
        company (incorporated in Georgia) that engages in the business of maintaining and
        reporting consumer credit information and does business in Alabama.  Its principal place
        of business is the State of Georgia and it is incorporated in Georgia.

6.      Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign
        company that engages in the business of maintaining and reporting consumer credit
        information and does business in Alabama.  Its principal place of business is the State of
        California and it is incorporated in Ohio.

## FACTUAL ALLEGATIONS

7.      Defendant A1 pulled Plaintiff Tyron's credit reports from Equifax, Trans Union, and
        Experian on May 13, 2008 and May 15, 2008.

8.      Defendant A1 pulled Plaintiff Alicia's credit reports from Equifax, Trans Union, and
        Experian on May 13, 2008 and May 15, 2008.

9.      Plaintiffs never did business with Defendant A1.

10.     Plaintiffs never authorized anyone or any company to request or allow Defendant A1 to
        pull any of the Plaintiffs' credit reports.

11.     The pulling of Plaintiffs' credit reports has damaged their credit rating as these types of
        pulls ("hard inquiries") lower the Plaintiffs' credit scores.

12.     The Defendant CRAs (Equifax, Trans Union, and Experian) violated the FCRA through
        negligence, wantonness, or intentional conduct to allow Defendant A1 to pull Plaintiffs'

-2-

credit reports with no permissible purpose or, alternatively, by not taking reasonable steps to prevent the Defendant A1 to illegally pull Plaintiffs' credit reports.

13. Had Defendant CRAs taken reasonable steps to ensure Defendant A1 had a legitimate purpose in pulling Plaintiffs' credit reports then the illegal pulls would not have occurred.

14. The Defendant CRAs do not have any reasonable policy in place to distinguish between legitimate requests for credit reports and facially impermissible pulls as occurred here.

15. Plaintiffs had never heard of Defendant A1 before seeing these inquiries on their credit reports.

16. Plaintiffs called Defendant A1 and wanted to know why Defendant A1 pulled their credit.

17. Defendant A1 told Plaintiffs it did not pull their credit because it does not do business in Alabama.

18. Plaintiffs tried several times to get an answer from Defendant A1 as to how this could be true when their credit reports were pulled by Defendant A1. No answer was given.

19. Defendant A1 threatened to call the police and claim harassment if the Plaintiffs called again. Plaintiffs told Defendant A1 to get the police on the phone as the Plaintiffs wanted to know what was going on.

20. Instead, Defendant A1 hung up on Plaintiffs and have refused to discuss this matter or help Plaintiffs in any manner.

21. The conduct of the Defendants has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
       though fully stated herein.

23.    The Defendant A1 is subject to the FCRA and has repeatedly violated the FCRA by
       impermissibly accessing Plaintiffs' credit reports on numerous occasions with no
       permissible reason.

24.    Defendant A1 had no basis or legitimate reason to pull Plaintiffs' credit reports.

25.    Defendant A1 intentionally, recklessly, and/or negligently pulled Plaintiffs' credit reports
       illegally and falsely and is therefore subject to statutory damages for each such violation,
       actual and compensatory damages, and punitive damages.

26.    The Defendant CRAs have violated the FCRA by negligently, wantonly, and/or
       intentionally allowing, encouraging, or otherwise participating in the illegal credit pulls
       by Defendant A1.

27.    The Defendant CRAs have not taken reasonable steps to assure maximum accuracy of
       Plaintiffs' credit reports.

28.    Defendant's wrongful conduct proximately caused the Plaintiffs' injuries as described in
       this Complaint.

## SECOND CLAIM FOR RELIEF
### Negligent, Reckless, Wanton, and/or Intentional Conduct

29.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully
       set forth herein.

30.    Defendant A1 has a duty under Alabama law and also assumed a duty, through the
       subscriber agreement with the CRAs only pull credit reports when it was legal to do so.

-4-

31.    Defendant A1 has agreed to follow and understands it must follow the requirements of the FCRA.

32.    Defendant A1 has a duty under Alabama law to act reasonably under the circumstances.

33.    Defendant A1 has violated this duty under Alabama law by pulling the Plaintiffs' credit reports when it had no basis to do so.

34.    Defendant A1 violated all of the duties the Defendant A1 had and such violations were made intentionally, recklessly, wantonly, and/or negligently as Defendant refused to comply with all of the duties Defendant had.

35.    Defendant CRAs violated all of the duties the Defendant CRAs had and such violations were made intentionally, recklessly, wantonly, and/or negligently as the Defendant CRAs refused to comply with all of the duties the Defendant CRAs had.

36.    Plaintiff has been damaged as a proximate result of Defendants' wrongful conduct as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### Invasion of Privacy

37.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

38.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

39.    Congress recognized a consumer's right to privacy in financial data in passing the laws such as the FCRA and, for example, the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

40.     Defendant A1 and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully pulling Plaintiff's credit reports thereby invaded Plaintiff's privacy.

41.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

42.     The conduct of Defendant A1 and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

43.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant A1.

44.     All acts of Defendant A1 and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant A1 is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages;
- for an award of statutory damages of $1,000.00 per violation;
- for an award of costs of litigation and reasonable attorney's fees;

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage in an amount to be determined at trial for Plaintiff; and

- for such other and further relief as may be just and proper.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

-7-

**Serve defendant via certified mail at the following addresses:**

A1 Mortgage Corporation
c/o Maria Salvati
115 Sturbridge lane
Evans City, PA 16033

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

### SUMMONS

This service by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

> **NOTICE TO:**  **A1 Mortgage Corporation**
> **c/o Maria Salvati**
> **115 Sturbridge lane**
> **Evans City, PA 16033**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C.,700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____        _____

Date                                            Clerk

ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **TYRON WORKS, an individual; ALICIA** | ) | |
| **DEVONNE WORKS, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **A1 MORTGAGE CORPORATION, a** | ) | |
| **Corporation; TRANS UNION, LLC, a** | ) | |
| **Corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a Corporation;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUMMONS

This service by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:     **Equifax Information Services, LLC**
**c/o CSC Lawyers Incorporating Service, Inc.**
**150 S. Perry Street**
**Montgomery, Alabama 36104**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C.,700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____          _____
Date                                              Clerk


ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA**<br>**DEVONNE WORKS, an individual,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**A1 MORTGAGE CORPORATION, a**<br>**Corporation; TRANS UNION, LLC, a**<br>**Corporation; EQUIFAX INFORMATION**<br>**SERVICES, INC., a Corporation;**<br>**EXPERIAN INFORMATION SOLUTIONS,**<br>**INC., a Corporation,**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.:**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS

This service by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**        **Experian Information Solutions, Inc.**
                **c/o The Corporation Company**
                **2000 Interstate Park Drive**
                **Suite 204**
                **Montgomery, Alabama 36109**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C.,700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____         _____
Date                                Clerk



ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TYRON WORKS, an individual; ALICIA )
DEVONNE WORKS, an individual, )
                                   )
     Plaintiffs, )
                                   )
v. )
                                   ) Civil Action No.:
A1 MORTGAGE CORPORATION, a )
Corporation; TRANS UNION, LLC, a )
Corporation; EQUIFAX INFORMATION )
SERVICES, INC., a Corporation; )
EXPERIAN INFORMATION SOLUTIONS, )
INC., a Corporation, )
                                   )
     Defendants. )

### SUMMONS

This service by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**     **Trans Union, LLC**
                                   **Prentice-Hall Corporation System Inc**
                                   **150 S. Perry St.**
                                   **Montgomery, AL 36104**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C.,700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____        _____

Date                                            Clerk

ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual,** )  )  ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **Civil Action No.:** |
| **A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation,** )  )  )  )  )  )  ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT TRANSUNION, EQUIFAX, AND EXPERIAN

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein, through Plaintiff's attorneys of record, M. Stan Herring and John G. Watts within thirty (30) days from service hereof in accordance with the provisions of Rule 33, et seq., of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you

made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch.    Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each Interrogatory pertains to the time period beginning January, 2003, through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1.    "You" includes the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.  "You" includes any of your sister companies or related entities, and their connected companies, whether or not separately incorporated.

2.    "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.    The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of

computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a)     The nature of the document (e.g., letter, memorandum, contract, etc.);
(b)     The author or sender of the document;
(c)     The recipient of the document;
(d)     The date the document was authored, sent, and/or received; and
(e)     The reason such document is allegedly privileged.

3.      "Audit Trail" means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the Federbush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

4.      "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

5.      "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or boolean format.

6.      "Database" or "databank" means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

7.      "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

8.      "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

9.      "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data are maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of

maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

10.    "Format" means the general makeup or general plan of organization or arrangement of data.

11.    "Identify" means that you should state:

    (a)    any and all names, legal, trade or assumed;
    (b)    all addresses used;
    (c)    all telephone and fax numbers used; and, if applicable:
    (d)    brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and
    (e)    employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

12.    "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

13.    "Credit worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

14.    "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

15.    "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

16.    "Describe" means to represent or give an account of in words.

17.    "Security Assessment" means any method of determining the effectiveness of security or continuity measures in dealing with security-related or continuity-related risks.

18.    "Security-related" means maintaining the integrity of and controlling access to data.

19.    "Continuity-related" means preventing, mitigating and recovering from disruption of computer operation.

20.    "Information Security Programs" are those programs, computer-based or otherwise, which support your overall goals while enabling only authorized users to use your computer [system] and enabling the computer processes to function as designed.

21.  "User" means any person or computer which interacts with a different computer.

22.  "Access Programs" means those programs, physical or computer-based, which insure authorization, identification, verification, access control, accountability and security audit of your consumer credit database.

23.  "Information Protection Architecture" means a statement of the overall design and operating objectives for the security, continuity and control of your consumer credit database.

24.  "Consumer Credit Database" is intended to mean your entire Equifax consumer credit network, including but not limited to text file mode, file purge, file reorganization mode, all operator preamble, identification and password modes, and all other single or overlaying programs, applications and/or systems, and does include, but is not limited to, the main operating system.

25.  "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

26.  "Credit scoring" refers to numerical assessments, provided by you or any other consumer reporting agency to a subscriber, designed to grade the specific consumer and calculate the risk of granting credit.  This term includes all forms of scoring including, but not limited to, application scoring, behavior scoring and credit bureau scoring.

27.  "Application scoring" refers to your programs designed to evaluate information on a consumer's application and the consumer's existing credit bureau report, as found on your database, using certain characteristics in predicting repayment.

28.  "Behavior scoring" refers to your program designed to assess the credit risk of current customers of your subscriber.  The assessment results from an analysis of the targeted consumer's purchase and payment history with your subscriber.

29.  "Credit Bureau scoring" refers to your programs to assess the credit risk of a targeted consumer based upon a comparison of that consumer's credit report data with the data from credit reports of other consumers on your consumer credit database using your predetermined characteristics and algorithm to predict future payment behavior of the targeted consumer.

30.  "Plaintiff's' Disclosure Documents, Bates Stamped" refers to a full set of Bates stamped, non-privileged documents voluntarily produced for inspection to all opposing counsels of record in this action by counsel for Plaintiff.

31.  "Other Defendant" means any Defendant(s) in the above entitled and captioned.

32.     "Block" means a group of words, characters or digits that are held in one section of an input/output medium and handled as a unit; e.g., the data recorded on a punched card, or the data recorded between two interblock gaps on a magnetic tape.

33.     "Blocking" means combining two or more records into one block usually to increase the efficiency of computer input and output operations.

34.     "Block Size" is the number of records per block multiplied by the record size.

35.     "CAFE" means the system of programs that processes your customer tapes.

36.     "Byte" means a group of adjacent bits operated on as a single unit and usually shorter than a word.

37.     "Program" means the following: (1) a plan for solving a problem; (2) to devise a plan for solving a problem; (3) a computer routine (i.e., a set of instructions arranged in proper sequence to cause a computer to perform a particular process); (4) to write a computer routine.

38.     "Header record" means a machine readable record at the beginning of a file containing data identifying the file and data used in file control.


## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a)     Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b)    If any of the persons so listed in response to this interrogatory do not fit the
characterization in subpart (a) above, please describe the nature of their
involvement in this lawsuit;

(c)    Please explain and describe your understanding of their knowledge of such facts.

## INTERROGATORY NO. 2:

Identify all correspondence or documents that refer or relate to any correspondence or
communication between you and any other defendant in this action, as well as any potential
credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or
matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses
thereto.

## INTERROGATORY NO. 3:

Please state whether you received any requests from Defendant A1 related to pulling
Plaintiffs' credit reports in connection with your response, please identify the dates of such
requests, the manner of the requests, the identifying data connected with the requests, and
explain and describe the reasons you allowed Defendant A1 to have access to Plaintiffs' credit
reports.

## INTERROGATORY NO. 4:

State your policies and procedures and identify the name or title of said policy and
procedure as well as any and all manuals, reference books, of memorandums by whatever name
called, designed to assure the maximum possible accuracy of the information in your consumer
credit database and consumer reports you issued and to ensure credit pulls are only allowed when
the company desiring to make the pull has a permissible reason.

**INTERROGATORY NO. 5**:

If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**INTERROGATORY NO. 6**:

If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**INTERROGATORY NO. 7:**

Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject[s] of any defense[s] you have raised to this lawsuit.

**INTERROGATORY NO. 8:**

If you answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail all of the reasons for your answer, identifying all persons and documents.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANTS TRANS UNION, EQUIFAX, AND EXPERIAN

**COMES NOW** the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants TRANS UNION, EQUIFAX, and EXPERIAN admit or deny the truth of the following:

1.     You followed all policies and procedures for allowing Defendant A1 to pull Plaintiffs' credit reports.

2.     You intended that other persons or entities would see the credit pulls by Defendant A1 if such other persons or entities reviewed Plaintiff's credit report maintained by you.

3.     The A1 credit pulls do not improve Plaintiffs' credit history.

4.     The A1 credit pulls lower Plaintiffs' credit score using your credit scoring formula.

5.     You have not yet deleted the A1 inquiries from Plaintiffs' credit reports.

6.     The Plaintiffs do not have a choice on whether you will maintain a credit report on them.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiffs' personal identifiers.

2.     All documents that reference or refer to the Plaintiffs.

3.     Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

4.     Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5. Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6. Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

7. Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address or discuss modifying or amending any information regarding Plaintiff reported by you.

8. Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9. Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of plaintiff.

10. Please produce your documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, excluding letters between you and your attorney.

11. Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action

and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.    Please produce all documents which refer in any manner to the Plaintiff or any of plaintiff's accounts.

13.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

Respectfully submitted this the 9th Day of **August**, 2008.

s/John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
700 29th Street, Suite 201
Birmingham, AL 35233
(205) 879-2447
888-522-7167 *facsimile*
john@wattslawgroup.com

s/M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
888-522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/11/2008 7:51 PM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Civil Action No.:** |
| A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

### PLAINTIFF'S FIRST SET OF DISCOVERY TO
### DEFENDANT A1 MORTGAGE CORPORATION

---

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Discovery Requests to Plaintiff herein, through Plaintiff's attorneys of record, within **30** days from service hereof in accordance with the provisions the Federal Rules of Civil Procedure.

You are further placed on notice that this discovery is continuing, requiring supplemental responses thereto in the event requested information or documents become available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

### INSTRUCTIONS

**ALL INFORMATION**. In answering this discovery, please furnish all information and documents which are available to you, including, without limitation, all documents in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such documents as is in your own personal possession.

**DUE DILIGENCE**. If you cannot respond to any of the following requests and interrogatories in full, after exercising due diligence to secure documents and information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the unproduced

documents and undisclosed information, and what efforts you made to secure documents and information sufficient to allow you to respond fully to the particular request or interrogatory.

**OBJECTIONS**: If an interrogatory or request is objected to, in whole or in part, or if information responsive to an interrogatory or request is withheld, on the ground of privilege or otherwise, please set forth fully each objection, describe generally the information which is withheld, and set forth the facts upon which Defendant relies as the basis for each such objection.

**OBLIGATION TO SUPPLEMENT**: This discovery is of a continuing nature and supplementary answers are to be filed upon your discovery that an answer is incorrect or incomplete.

**TIME FRAME**: Unless otherwise stated, each request pertains to the time period beginning **January 1, 2003**, through the present date. Thus, your responses should be fully answered as they pertain to information, recordings or documents within that time frame. Further, each request should identify the appropriate time frame, if your response requires the same.

## DEFINITIONS

**"Document"** shall refer to any mechanism of preserving or transmitting any information, whether it be written, printed, photographed, electronically or magnetically recorded or otherwise made and maintained.

**"Identify"** or **"describe"** when referring to a person, a firm, a corporation, or another entity shall mean to state the full formal name; the address of the principal place of business or residence; and the telephone number,

**"Identify"**, or **"describe"** when referring to a document shall mean giving a description of the title, the author, a description of the general subject matter and the identity and address of its present custodian.

**"Defendant(s),"** **"you"** means all agents, employees, representatives, investigators, and others who are in possession of or may have obtained information for or on behalf of the named party or parties defendant.

**"Personal Identifiers"** means a person's name or social security number or other unique data that identifies or is associated with a particular "person".

## PLAINTIFF'S FIRST INTERROGATORIES

Come now the Plaintiffs, Tyron Works and Alicia Devonne Works, and submit these

interrogatories to be answered by Defendant A1 MORTGAGE CORPORATION (hereinafter

"A1") within the time limits set forth by the Alabama Rules of Civil Procedure:

1.     For each request for admission not "admitted" please state in detail the basis for each
       such refusal to admit and identify all documents which relate to your refusal to admit.

2.     Explain in detail why you pulled Plaintiffs' credit reports.

3.     What is your policy and procedure for pulling credit reports? Identify and produce all
       related documents, including memos, emails, policy and procedure books or
       guidelines, etc.

4.     How many credit reports of consumers in Alabama did you pull in 2007 and how
       many in 2008?

5.     Why did you tell the Plaintiffs you would call the police if they called you again?

6.     For each affirmative defense identify all documents, facts, or witnesses that support
       each such defense.

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT A1

       Come now the Plaintiffs and submits these requests for admissions to be answered by
Defendant A1 within the time limits set forth by the Alabama Rules of Civil Procedure:

1.     Admit Plaintiffs did not give you permission to pull Plaintiffs' credit reports.

2.     Admit that you told Equifax, Experian, and/or Trans Union that Plaintiffs had given
       you permission to pull their reports.

3.     Admit that you knew that pulling Plaintiff's credit reports would adversely affect
       Plaintiffs' credit worthiness.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents involving communications between you and any of the
       other defendants, in which the communication in any way referenced Plaintiffs and/or
       any of Plaintiffs' personal identifiers.

2.    All documents that reference or refer to the Plaintiffs.

3.    Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

4.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.    Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.    Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency that you pulled credit reports on Plaintiffs.

7.    Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.    Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of plaintiff.

9.    Please produce your documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing

upon this lawsuit or any defenses you have raised in this lawsuit, excluding letters between you and your attorney.

10.    Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.    Please produce all documents which refer in any manner to the Plaintiff or any of plaintiff's accounts.

12.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

Respectfully submitted this the 9th Day of **August**, 2008.

s/John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
700 29th Street, Suite 201
Birmingham, AL 35233
(205) 879-2447
**888-522-7167** *facsimile*
john@wattslawgroup.com

s/M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
888-522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2008-902602.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL

**NOTICE TO** A1 MORTGAGE CORPORATION, C/O MARIA SALVATI 115 STURBRIDGE LANE, EVANS CITY PA, 16033

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS P.O. Box 531168, BIRMINGHAM AL, 35253

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    TYRON WORKS
pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2008 7:51:22 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                        Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>01-CV-2008-902602.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL**

**NOTICE TO** _TRANS UNION, LLC, PRENTICE-HALL CORP SYSTEM 150 S. PERRY STREET, MONTGOMERY AL, 36104_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY _JOHN GRIFFIN WATTS_

WHOSE ADDRESS IS _P.O. Box 531168, BIRMINGHAM AL, 35253_

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    _TYRON WORKS_
pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2008 7:51:22 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                                         Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2008-902602.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL

**NOTICE TO**  EQUIFAX INFORMATION SERVICES, LLC, CO CSC LAWYERS INC. SRV 150 S. PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS  P.O. Box 531168, BIRMINGHAM AL, 35253

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    TYRON WORKS
pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2008 7:51:22 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                                            Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>01-CV-2008-902602.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL**

**NOTICE TO**    EXPERIAN INFORMATION SOLUTIONS, INC., CO THE CORPORATION CO. 2000 INTERSTATE PARK DR, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS P.O. Box 531168, BIRMINGHAM AL, 35253

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    TYRON WORKS
pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2008 7:51:22 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____
Date                Server's Signature



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL

**01-CV-2008-902802.00**

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $26.32**

Parties to be served by **Certified Mail - Return Receipt Requested**

A1 MORTGAGE CORPORATION                                      Postage: $6.58
C/O MARIA SALVATI
115 STURBRIDGE LANE          7007 0710 0003 3264 7722
EVANS CITY, PA 16033

TRANS UNION, LLC                                             Postage: $6.58
PRENTICE-HALL CORP SYSTEM
150 S. PERRY STREET          7007 0710 0003 3264 7739
MONTGOMERY, AL 36104

EQUIFAX INFORMATION SERVICES, LLC                           Postage: $6.58
CO CSC LAWYERS INC. SRV
150 S. PERRY STREET          7007 0710 0003 3264 7746
MONTGOMERY, AL 36104

EXPERIAN INFORMATION SOLUTIONS, INC.                        Postage: $6.58
CO THE CORPORATION CO.
2000 INTERSTATE PARK DR
MONTGOMERY, AL 36109     _   7007 0710 0003 3264 7753

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

NEW

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

1. Article Addressed to:

Trans Union, LLC.
Prentice-Hall Corp System
150 s. Perry street
Montgomery, AL 36104

D002

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CV 08 9021602

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7007 0710 0003 3264 7739

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



UNITED STATES POSTAL SERVICE

MONTGOMERY AL 36?

14 AUG 2008 PM 3 T

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE

AUG 15 2008

ANNE-MARIE ADAMS
Clerk

• Sender: Please print your name, address, and ZIP+4 in this box

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   BELL AMY   C. Date of Delivery

1. Article Addressed to:

Equifax Information services, LLC
C/O CSC Lawyers Inc. SRV
150 S. Perry street
montgomery, AL 36104
        DO03

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CV 08-9026 08

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7007 0710 0003 3264 7746

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



UNITED STATES POSTAL SERVICE

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box

FILED IN OFFICE

AUG 15 2008

ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

CPU

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X **The Corporation Company** ☐ Agent ☑ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery<br>**The Corporation Company** 8/14/08 |
| 1. Article Addressed to:<br><br>Experian Information Solutions, Inc.<br>c/o The Corporation Co.<br>2000 Interstate Park DR.<br>montgomery, AL 36109 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>CV 08-<br>902602    D004<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7007 0710 0003 3264 7753 |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

AUG 15 2008

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. N.
BIRMINGHAM, ALABAMA 35203

ANNE-MARIE ADAMS
Clerk

Case 2:08-cv-01686-WMA   Document 1   Filed 09/12/08   Page 49 of 82

Courthouse
35203

7007 0710 0003 3264 7722

**FILED IN OFFICE**

AUG 2 5 2008

**ANNE-MARIE ADAMS**
**Clerk**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

A 1 Mortgage Corporation
40 Maria Salvati
115 Sturbridge Lane
Evans City, PA 16033

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

                  Sac
          Cv/08-907602

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
                    7007 0710 0003 3264 7722

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**SALV115      160332027 1508 03 08/21/08**
**RETURN TO SENDER**
**SALVATI'AL**
**MOVED LEFT NO ADDRESS**
**UNABLE TO FORWARD**
**RETURN TO SENDER**

IIII.II.II.III.IIIII.I..II..II..IIII.IIIII.I.I.I

AVSO701

**ALABAMA JUDICIAL DATA CENTER**
**JEFFERSON     COUNTY**
**NO SERVICE NOTICE**

CV 2008 902602.00
J SCOTT VOWELL

---

IN THE CIRCUIT  COURT OF JEFFERSON    COUNTY

TYRON WORKS ET AL V. A1 MORTGAGE CORPORATION ET AL

WATTS JOHN GRIFFIN                       CASE NUMBER: CV 2008 902602 00
800 SHADES CREEK PKWY                    PARTY NUMBER: C001
SUITE 500
BIRMINGHAM  AL  35209

THE SUMMONS AND COMPLAINT            WAS NOT SERVED ON
A1 MORTGAGE CORPORATIO AND WAS RETURNED ON 08/25/2008 FOR THE
FOLLOWING REASON: PARTY MOVED.

IF RETURNED, UNDELIVERABLE OR A BAD ADDRESS THEN
YOU MAY RESUBMIT YOUR COMPLAINT WITH A NEW ADDRESS TO THE
COURT AND SERVICE WILL BE ATTEMPTED AGAIN.  IF NO ADDRESS IS
SUBMITTED, THE COURT MAY DISMISS THIS CASE WITHIN 30 DAYS.

DATE:08/27/2008  CLERK:ANNE-MARIE ADAMS
RM 400 JEFF CO COURTHOUSE
BIRMINGHAM  AL   35203
(205)325-5355

---

OPERATOR: DEW
PREPARED: 08/27/2008

```
AVSO701                    ALABAMA JUDICIAL DATA CENTER
                                JEFFERSON   COUNTY
                              NO SERVICE NOTICE
                                                    CV 2008 902602.00
                                                J SCOTT VOWELL
|--------------------------------------------------------------------------|
|                                                                          |
|            IN THE CIRCUIT  COURT OF JEFFERSON    COUNTY                   |
|                                                                          |
|   TYRON WORKS ET AL V. A1 MORTGAGE CORPORATION ET AL                     |
|                                                                          |
|                                                                          |
|        HERRING M STAN                CASE NUMBER: CV 2008 902602 00       |
|        700 29TH STREET SOUTH         PARTY NUMBER:C001                    |
|        201 AVON PLACE                                                     |
|        BIRMINGHAM  AL   35233                                            |
|                                                                          |
|                                                                          |
|                                                                          |
|   THE SUMMONS AND COMPLAINT              WAS NOT SERVED ON                |
|   A1 MORTGAGE CORPORATIO AND WAS RETURNED ON 08/25/2008 FOR THE          |
|   FOLLOWING REASON: PARTY MOVED.                                         |
|                                                                          |
|   IF RETURNED, UNDELIVERABLE OR A BAD ADDRESS THEN                       |
|   YOU MAY RESUBMIT YOUR COMPLAINT WITH A NEW ADDRESS TO THE              |
|   COURT AND SERVICE WILL BE ATTEMPTED AGAIN.   IF NO ADDRESS IS          |
|   SUBMITTED, THE COURT MAY DISMISS THIS CASE WITHIN 30 DAYS.             |
|                                                                          |
|                                                                          |
|                                                                          |
|                                                                          |
|                                                                          |
|                                                                          |
|            DATE:08/27/2008   CLERK:ANNE-MARIE ADAMS                      |
|                              RM 400 JEFF CO COURTHOUSE                    |
|                              BIRMINGHAM  AL   35203                       |
|                              (205)325-5355                               |
|                                                                          |
|--------------------------------------------------------------------------|
OPERATOR: DEW
PREPARED: 08/27/2008
```

ELECTRONICALLY FILED
9/1/2008 7:37 AM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA**<br>**DEVONNE WORKS, an individual,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **v.** | )<br>)   **Civil Action No.:** |
| **A1 MORTGAGE CORPORATION, a**<br>**Corporation; TRANS UNION, LLC, a**<br>**Corporation; EQUIFAX INFORMATION**<br>**SERVICES, INC., a Corporation;**<br>**EXPERIAN INFORMATION SOLUTIONS,**<br>**INC., a Corporation,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

### COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and for

Plaintiffs Complaint against the Defendant states as follows:

### PARTIES

1.      Plaintiff Tyron Works (hereinafter "Plaintiff Tyron") is a natural person who resides in

Alabama.

2.      Plaintiff Alicia Devonne Works[1] (hereinafter "Plaintiff Alicia") is a natural person who

resides in Alabama.

3.      Defendant A1 Mortgage Corporation ("Defendant" or "A1") is a foreign corporation

doing business in Alabama.

4.      Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company

(incorporated in Delaware) that engages in the business of maintaining and reporting

---

[1] F/K/A Alicia Devonne Bunch.

consumer credit information and does business in Alabama. Its principal place of business is the State of Illinois and it is incorporated in Delaware.

5.    Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in Alabama. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

6.    Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in Alabama. Its principal place of business is the State of California and it is incorporated in Ohio.

## FACTUAL ALLEGATIONS

7.    Defendant A1 pulled Plaintiff Tyron's credit reports from Equifax, Trans Union, and Experian on May 13, 2008 and May 15, 2008.

8.    Defendant A1 pulled Plaintiff Alicia's credit reports from Equifax, Trans Union, and Experian on May 13, 2008 and May 15, 2008.

9.    Plaintiffs never did business with Defendant A1.

10.   Plaintiffs never authorized anyone or any company to request or allow Defendant A1 to pull any of the Plaintiffs' credit reports.

11.   The pulling of Plaintiffs' credit reports has damaged their credit rating as these types of pulls ("hard inquiries") lower the Plaintiffs' credit scores.

12.   The Defendant CRAs (Equifax, Trans Union, and Experian) violated the FCRA through negligence, wantonness, or intentional conduct to allow Defendant A1 to pull Plaintiffs'

-2-

credit reports with no permissible purpose or, alternatively, by not taking reasonable steps

to prevent the Defendant A1 to illegally pull Plaintiffs' credit reports.

13.    Had Defendant CRAs taken reasonable steps to ensure Defendant A1 had a legitimate

purpose in pulling Plaintiffs' credit reports then the illegal pulls would not have occurred.

14.    The Defendant CRAs do not have any reasonable policy in place to distinguish between

legitimate requests for credit reports and facially impermissible pulls as occurred here.

15.    Plaintiffs had never heard of Defendant A1 before seeing these inquiries on their credit

reports.

16.    Plaintiffs called Defendant A1 and wanted to know why Defendant A1 pulled their credit.

17.    Defendant A1 told Plaintiffs it did not pull their credit because it does not do business in

Alabama.

18.    Plaintiffs tried several times to get an answer from Defendant A1 as to how this could be

true when their credit reports were pulled by Defendant A1.  No answer was given.

19.    Defendant A1 threatened to call the police and claim harassment if the Plaintiffs called

again.  Plaintiffs told Defendant A1 to get the police on the phone as the Plaintiffs wanted

to know what was going on.

20.    Instead, Defendant A1 hung up on Plaintiffs and have refused to discuss this matter or help

Plaintiffs in any manner.

21.    The conduct of the Defendants has proximately caused Plaintiffs past and future

monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and

future mental distress and emotional anguish and other damages that will be presented to

the jury.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.**

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The Defendant A1 is subject to the FCRA and has repeatedly violated the FCRA by impermissibly accessing Plaintiffs' credit reports on numerous occasions with no permissible reason.

24.    Defendant A1 had no basis or legitimate reason to pull Plaintiffs' credit reports.

25.    Defendant A1 intentionally, recklessly, and/or negligently pulled Plaintiffs' credit reports illegally and falsely and is therefore subject to statutory damages for each such violation, actual and compensatory damages, and punitive damages.

26.    The Defendant CRAs have violated the FCRA by negligently, wantonly, and/or intentionally allowing, encouraging, or otherwise participating in the illegal credit pulls by Defendant A1.

27.    The Defendant CRAs have not taken reasonable steps to assure maximum accuracy of Plaintiffs' credit reports.

28.    Defendant's wrongful conduct proximately caused the Plaintiffs' injuries as described in this Complaint.

**SECOND CLAIM FOR RELIEF**
**Negligent, Reckless, Wanton, and/or Intentional Conduct**

29.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

30.    Defendant A1 has a duty under Alabama law and also assumed a duty, through the subscriber agreement with the CRAs only pull credit reports when it was legal to do so.

-4-

31.    Defendant A1 has agreed to follow and understands it must follow the requirements of
       the FCRA.

32.    Defendant A1 has a duty under Alabama law to act reasonably under the circumstances.

33.    Defendant A1 has violated this duty under Alabama law by pulling the Plaintiffs' credit
       reports when it had no basis to do so.

34.    Defendant A1 violated all of the duties the Defendant A1 had and such violations were
       made intentionally, recklessly, wantonly, and/or negligently as Defendant refused to
       comply with all of the duties Defendant had.

35.    Defendant CRAs violated all of the duties the Defendant CRAs had and such violations
       were made intentionally, recklessly, wantonly, and/or negligently as the Defendant CRAs
       refused to comply with all of the duties the Defendant CRAs had.

36.    Plaintiff has been damaged as a proximate result of Defendants' wrongful conduct as set
       forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### Invasion of Privacy

37.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully
       set forth herein.

38.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and
       Defendant violated Alabama state law as described in this Complaint.

39.    Congress recognized a consumer's right to privacy in financial data in passing the laws
       such as the FCRA and, for example, the Gramm Leech Bliley Act, which regulates the
       privacy of consumer financial data for a broad range of "financial institutions" when it
       stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

40.    Defendant A1 and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully pulling Plaintiff's credit reports thereby invaded Plaintiff's privacy.

41.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

42.    The conduct of Defendant A1 and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

43.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant A1.

44.    All acts of Defendant A1 and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant A1 is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages;
- for an award of statutory damages of $1,000.00 per violation;
- for an award of costs of litigation and reasonable attorney's fees;

-6-

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage in an amount to be determined at trial for Plaintiff; and

- for such other and further relief as may be just and proper.

## TRIAL BY JURY

45.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

-7-

**Serve defendant via certified mail at the following addresses:**

A1 Mortgage Corporation
c/o Maria Salvati
115 Sturbridge lane
Evans City, PA 16033

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

ELECTRONICALLY FILED
9/1/2008 7:37 AM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual,** )<br><br>    **Plaintiffs,** )<br><br>**v.** )<br><br>**A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation,** )<br><br>    **Defendants.** ) | **Civil Action No.: CV-08-902602** |

### ALIAS SUMMONS

This service by Certified Mail of this Alias Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**      **A1 Mortgage Corporation**
                          **c/o Maria Makozy**
                          **1341 Old Freedom Road**
                          **Cranberry Township, PA 16033**

The Complaint which is attached to this Alias Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C.,700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____        _____
Date                                       Clerk



ELECTRONICALLY FILED
9/1/2008 7:37 AM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual,** | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) ) ) **Civil Action No.:** |
| **A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST SET OF DISCOVERY TO
## DEFENDANT A1 MORTGAGE CORPORATION

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Discovery Requests to Plaintiff herein, through Plaintiff's attorneys of record, within **30** days from service hereof in accordance with the provisions the Federal Rules of Civil Procedure.

You are further placed on notice that this discovery is continuing, requiring supplemental responses thereto in the event requested information or documents become available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

## INSTRUCTIONS

**ALL INFORMATION.** In answering this discovery, please furnish all information and documents which are available to you, including, without limitation, all documents in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such documents as is in your own personal possession.

**DUE DILIGENCE.** If you cannot respond to any of the following requests and interrogatories in full, after exercising due diligence to secure documents and information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the unproduced

documents and undisclosed information, and what efforts you made to secure documents and information sufficient to allow you to respond fully to the particular request or interrogatory.

**OBJECTIONS**: If an interrogatory or request is objected to, in whole or in part, or if information responsive to an interrogatory or request is withheld, on the ground of privilege or otherwise, please set forth fully each objection, describe generally the information which is withheld, and set forth the facts upon which Defendant relies as the basis for each such objection.

**OBLIGATION TO SUPPLEMENT**: This discovery is of a continuing nature and supplementary answers are to be filed upon your discovery that an answer is incorrect or incomplete.

**TIME FRAME**:  Unless otherwise stated, each request pertains to the time period beginning **January 1, 2003**, through the present date.  Thus, your responses should be fully answered as they pertain to information, recordings or documents within that time frame.  Further, each request should identify the appropriate time frame, if your response requires the same.

## DEFINITIONS

**"Document"** shall refer to any mechanism of preserving or transmitting any information, whether it be written, printed, photographed, electronically or magnetically recorded or otherwise made and maintained.

**"Identify"** or **"describe"** when referring to a person, a firm, a corporation, or another entity shall mean to state the full formal name; the address of the principal place of business or residence; and the telephone number,

**"Identify"**, or **"describe"** when referring to a document shall mean giving a description of the title, the author, a description of the general subject matter and the identity and address of its present custodian.

**"Defendant(s),"** **"you"** means all agents, employees, representatives, investigators, and others who are in possession of or may have obtained information for or on behalf of the named party or parties defendant.

**"Personal Identifiers"** means a person's name or social security number or other unique data that identifies or is associated with a particular "person".

## PLAINTIFF'S FIRST INTERROGATORIES

Come now the Plaintiffs, Tyron Works and Alicia Devonne Works, and submit these

interrogatories to be answered by Defendant A1 MORTGAGE CORPORATION (hereinafter

"A1") within the time limits set forth by the Alabama Rules of Civil Procedure:

1.     For each request for admission not "admitted" please state in detail the basis for each
       such refusal to admit and identify all documents which relate to your refusal to admit.

2.     Explain in detail why you pulled Plaintiffs' credit reports.

3.     What is your policy and procedure for pulling credit reports? Identify and produce all
       related documents, including memos, emails, policy and procedure books or
       guidelines, etc.

4.     How many credit reports of consumers in Alabama did you pull in 2007 and how
       many in 2008?

5.     Why did you tell the Plaintiffs you would call the police if they called you again?

6.     For each affirmative defense identify all documents, facts, or witnesses that support
       each such defense.

## **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT A1**

       Come now the Plaintiffs and submits these requests for admissions to be answered by
Defendant A1 within the time limits set forth by the Alabama Rules of Civil Procedure:

1.     Admit Plaintiffs did not give you permission to pull Plaintiffs' credit reports.

2.     Admit that you told Equifax, Experian, and/or Trans Union that Plaintiffs had given
       you permission to pull their reports.

3.     Admit that you knew that pulling Plaintiff's credit reports would adversely affect
       Plaintiffs' credit worthiness.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     Please produce all documents involving communications between you and any of the
       other defendants, in which the communication in any way referenced Plaintiffs and/or
       any of Plaintiffs' personal identifiers.

2.     All documents that reference or refer to the Plaintiffs.

3.     Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

4.     Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.     Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.     Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency that you pulled credit reports on Plaintiffs.

7.     Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.     Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of plaintiff.

9.     Please produce your documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing

upon this lawsuit or any defenses you have raised in this lawsuit, excluding letters between you and your attorney.

10.    Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.    Please produce all documents which refer in any manner to the Plaintiff or any of plaintiff's accounts.

12.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

Respectfully submitted this the 9th Day of **August**, 2008.

s/John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
700 29th Street, Suite 201
Birmingham, AL 35233
(205) 879-2447
888-522-7167 *facsimile*
john@wattslawgroup.com

s/M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
888-522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
9/1/2008 7:37 AM
CV-2008-902602.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRON WORKS, an individual; ALICIA DEVONNE WORKS, an individual,**    ) <br> ) <br> ) <br> **Plaintiffs,**    ) <br> ) <br> **v.**    ) <br> ) <br> **A1 MORTGAGE CORPORATION, a Corporation; TRANS UNION, LLC, a Corporation; EQUIFAX INFORMATION SERVICES, INC., a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation,**    ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> **Defendants.**    ) | **Civil Action No.:** |

---

### PLAINTIFF'S FIRST SET OF DISCOVERY TO
### DEFENDANT TRANSUNION, EQUIFAX, AND EXPERIAN

---

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein, through Plaintiff's attorneys of record, M. Stan Herring and John G. Watts within thirty (30) days from service hereof in accordance with the provisions of Rule 33, <u>et seq</u>., of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### <u>INSTRUCTIONS</u>

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you

made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each Interrogatory pertains to the time period beginning January, 2003, through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1.  "You" includes the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities, and their connected companies, whether or not separately incorporated.

2.  "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.  The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of

computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a)     The nature of the document (e.g., letter, memorandum, contract, etc.);

(b)     The author or sender of the document;

(c)     The recipient of the document;

(d)     The date the document was authored, sent, and/or received; and

(e)     The reason such document is allegedly privileged.

3.      "Audit Trail" means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the Federbush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

4.      "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

5.      "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or boolean format.

6.      "Database" or "databank" means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

7.      "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

8.      "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

9.      "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data are maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of

maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

10. "Format" means the general makeup or general plan of organization or arrangement of data.

11. "Identify" means that you should state:

    (a)    any and all names, legal, trade or assumed;

    (b)    all addresses used;

    (c)    all telephone and fax numbers used; and, if applicable:

    (d)    brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

    (e)    employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

12. "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

13. "Credit worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

14. "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

15. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

16. "Describe" means to represent or give an account of in words.

17. "Security Assessment" means any method of determining the effectiveness of security or continuity measures in dealing with security-related or continuity-related risks.

18. "Security-related" means maintaining the integrity of and controlling access to data.

19. "Continuity-related" means preventing, mitigating and recovering from disruption of computer operation.

20. "Information Security Programs" are those programs, computer-based or otherwise, which support your overall goals while enabling only authorized users to use your computer [system] and enabling the computer processes to function as designed.

21.   "User" means any person or computer which interacts with a different computer.

22.   "Access Programs" means those programs, physical or computer-based, which insure authorization, identification, verification, access control, accountability and security audit of your consumer credit database.

23.   "Information Protection Architecture" means a statement of the overall design and operating objectives for the security, continuity and control of your consumer credit database.

24.   "Consumer Credit Database" is intended to mean your entire Equifax consumer credit network, including but not limited to text file mode, file purge, file reorganization mode, all operator preamble, identification and password modes, and all other single or overlaying programs, applications and/or systems, and does include, but is not limited to, the main operating system.

25.   "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

26.   "Credit scoring" refers to numerical assessments, provided by you or any other consumer reporting agency to a subscriber, designed to grade the specific consumer and calculate the risk of granting credit. This term includes all forms of scoring including, but not limited to, application scoring, behavior scoring and credit bureau scoring.

27.   "Application scoring" refers to your programs designed to evaluate information on a consumer's application and the consumer's existing credit bureau report, as found on your database, using certain characteristics in predicting repayment.

28.   "Behavior scoring" refers to your program designed to assess the credit risk of current customers of your subscriber. The assessment results from an analysis of the targeted consumer's purchase and payment history with your subscriber.

29.   "Credit Bureau scoring" refers to your programs to assess the credit risk of a targeted consumer based upon a comparison of that consumer's credit report data with the data from credit reports of other consumers on your consumer credit database using your predetermined characteristics and algorithm to predict future payment behavior of the targeted consumer.

30.   "Plaintiff's' Disclosure Documents, Bates Stamped" refers to a full set of Bates stamped, non-privileged documents voluntarily produced for inspection to all opposing counsels of record in this action by counsel for Plaintiff.

31.   "Other Defendant" means any Defendant(s) in the above entitled and captioned.

32.     "Block" means a group of words, characters or digits that are held in one section of an
        input/output medium and handled as a unit; e.g., the data recorded on a punched card, or
        the data recorded between two interblock gaps on a magnetic tape.

33.     "Blocking" means combining two or more records into one block usually to increase the
        efficiency of computer input and output operations.

34.     "Block Size" is the number of records per block multiplied by the record size.

35.     "CAFE" means the system of programs that processes your customer tapes.

36.     "Byte" means a group of adjacent bits operated on as a single unit and usually shorter
        than a word.

37.     "Program" means the following: (1) a plan for solving a problem; (2) to devise a plan for
        solving a problem; (3) a computer routine (i.e., a set of instructions arranged in proper
        sequence to cause a computer to perform a particular process); (4) to write a computer
        routine.

38.     "Header record" means a machine readable record at the beginning of a file containing
        data identifying the file and data used in file control.


## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the names, addresses, and telephone numbers of all persons who were witness to

or who have personal knowledge of any of the facts, events, or matters that are alleged in

Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and

explain your understanding of the matters on which the persons named have knowledge. In

addition to identifying said individuals as specified in the instructions above, please include the

following:

(a)     Please state whether each such person is affiliated with, or related to, or employed

        by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b)     If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c)     Please explain and describe your understanding of their knowledge of such facts.

**INTERROGATORY NO. 2**:

Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**INTERROGATORY NO. 3**:

Please state whether you received any requests from Defendant A1 related to pulling Plaintiffs' credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant A1 to have access to Plaintiffs' credit reports.

**INTERROGATORY NO. 4**:

State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**INTERROGATORY NO. 5**:

If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**INTERROGATORY NO. 6**:

If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**INTERROGATORY NO. 7:**

Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject[s] of any defense[s] you have raised to this lawsuit.

**INTERROGATORY NO. 8:**

If you answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail all of the reasons for your answer, identifying all persons and documents.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANTS TRANS UNION, EQUIFAX, AND EXPERIAN

**COMES NOW** the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants TRANS UNION, EQUIFAX, and EXPERIAN admit or deny the truth of the following:

1.      You followed all policies and procedures for allowing Defendant A1 to pull Plaintiffs' credit reports.

2.      You intended that other persons or entities would see the credit pulls by Defendant A1 if such other persons or entities reviewed Plaintiff's credit report maintained by you.

3.      The A1 credit pulls do not improve Plaintiffs' credit history.

4.      The A1 credit pulls lower Plaintiffs' credit score using your credit scoring formula.

5.      You have not yet deleted the A1 inquiries from Plaintiffs' credit reports.

6.      The Plaintiffs do not have a choice on whether you will maintain a credit report on them.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiffs' personal identifiers.

2.      All documents that reference or refer to the Plaintiffs.

3.      Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.    Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.    Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

7.    Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address or discuss modifying or amending any information regarding Plaintiff reported by you.

8.    Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.    Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of plaintiff.

10.    Please produce your documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, excluding letters between you and your attorney.

11.    Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action

and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12. Please produce all documents which refer in any manner to the Plaintiff or any of plaintiff's accounts.

13. Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

Respectfully submitted this the **9th** Day of **August**, 2008.

s/John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
700 29th Street, Suite 201
Birmingham, AL 35233
(205) 879-2447
888-522-7167 *facsimile*
john@wattslawgroup.com

s/M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
888-522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2008-902602.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL

**NOTICE TO** A1 MORTGAGE CORPORATION, C/O MARIA MAKOZY 1341 OLD FREEDOM ROAD, CRANBERRY TOWNSHIP PA, 16033

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM AL, 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    WORKS TYRON
pursuant to the Alabama Rules of the Civil Procedure

| 9/1/2008 7:37:12 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                          Server's Signature



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TYRON WORKS ET AL v. A1 MORTGAGE CORPORATION ET AL

**01-CV-2008-902602.00**

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $6.58**

**Parties to be served by Certified Mail - Return Receipt Requested**

A1 MORTGAGE CORPORATION                    Postage: $6.58
C/O MARIA MAKOZY
1341 OLD FREEDOM ROAD
CRANBERRY TOWNSHIP, PA 16033          7008 0500 0001 8614 5102

**Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TYRON WORKS and ALICIA DEVONNE )
WORKS, )
)
      Plaintiffs )
)
v. )
)
                              )        Case No.
A1 MORTGAGE CORPORATION, )
TRANS UNION, LLC, EQUIFAX )
INFORMATION SYSTEMS, LLC, )    _____
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
)
      Defendants. )

## JOINDER AND CONSENT TO REMOVAL

    Without waiving any other defenses, Trans Union LLC., hereby joins in and consents to the removal of this action from the Circuit Court of Jefferson County, Alabama to this Court.

    Trans Union LLC first received a copy of the Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on August 14, 2008.


                          Respectfully Submitted,


                          **KARY BRYANT WOLFE** (WOL016)
                          kwolfe@walstonwells.com
                          **TIMOTHY M. DAVIS** (DAV162)
                          tdavis@walstonwells.com
                          **WALSTON WELLS & BIRCHALL, LLP**
                          P.O. Box 830642
                          Birmingham, Alabama 35283-0642
                          (205) 244-5281
                          (205) 244-5481 (Fax)


                          COUNSEL FOR TRANS UNION, LLC



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

TYRON WORKS; ALICIA DEVONNE WORKS,

      Plaintiffs,

v.

A1 MORTGAGE CORPORATION; TRANS
UNION, LLC; EQUIFAX INFORMATION
SERVICES, INC.; EXPERIAN INFORMATION
SOLUTIONS, INC.,

CIVIL ACTION NO.

_____

      Defendants.

**DEFENDANT, EQUIFAX INFORMATION SERVICES, LLC'S**
**JOINDER AND CONSENT TO REMOVAL**

Without waiving any other defenses, Defendant, Equifax Information Services, LLC,

successor in interest to Equifax Credit Information Services, Inc. ("Equifax"), hereby joins in

and consents to the removal of this action from the Circuit Court of Jefferson County, Alabama

to this Court. Removal is proper for the reasons stated in Defendant Experian's Notice of

Removal.

Equifax first received a copy of the Petition, the initial pleading setting forth the claim for

relief upon which this action is based, on August 14, 2008.

This _12th_ day of September, 2008.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES, LLC

Victoria J. Franklin-Sisson
Jones, Walker, Waechter, Poitevent, Carrere
& Denegre, L.L.P

884344.1/SP2/83057/0100/012306

505 20th Street N., Suite 600
Birmingham, Alabama 35203
205.226.5200

Brian J. Olson
King & Spalding
1180 Peachtree Street
Atlanta, Georgia 30309
404. 215.5806