UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYRON WORKS and ALICIA DEVONNE WORKS, | ) ) ) |
| Plaintiffs | ) |
| v. | ) ) |
| A1 MORTGAGE CORPORATION, TRANS UNION, LLC, EQUIFAX INFORMATION SYSTEMS, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 2:08-cv-01686-WMA

**DEFENDANT TRANS UNION LLC'S ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), incorrectly named TransUnion, LLC, one of the Defendants herein, and files its Original Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiffs, Tyron Works and Alicia Devonne Works. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

**Parties**

1.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies same.

2.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Trans Union admits it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits it is licensed to do business in the State of Alabama.

5. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS

7. Trans Union admits that F. Mac/A1 Mortgage Corp. pulled Plaintiff Tyron Works' Trans Union credit report on May 13, 2008 and May 15, 2008.

8. Trans Union admits that F. Mac/A1 Mortgage Corp. pulled Plaintiff Alicia Works' Trans Union credit report on May 13, 2008 and May 15, 2008.

9. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12.     Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13.     Trans Union denies the allegations contained in paragraph 13 of the Complaint.

14.     Trans Union denies the allegations contained in paragraph 14 of the Complaint.

15.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

2581413.1/SP/83057/0701/091708

19. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint.  Trans Union denies that Plaintiffs suffered damage as a result of Trans Union's credit reporting practices.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Credit Reporting act 15 U.S.C. § 1681 et seq.**

22. Trans Union restates and incorporates its responses to paragraphs 1 through 21 above as though fully stated herein.

23. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Negligent, Reckless, Wanton and/or Intentional Conduct

29. Trans Union restates and incorporates its responses to paragraphs 1 through 28 above as though fully stated herein.

30. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

2581413.1/SP/83057/0701/091708

35. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint.

### THIRD CLAIM FOR RELIEF
### Invasion of Privacy

37. Trans Union restates and incorporates its responses to paragraphs 1 through 36 above as though fully stated herein.

38. The provisions of Alabama Law are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 38 of the Complaint. To the extent the remaining allegations contained in paragraph 38 of the Complaint are directed at Trans Union, Trans Union denies those allegations.

39. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Gramm Leech Bliley Act and their legislative histories are self-evident and speak for themselves. Trans Union is not required to admit or deny the averments contained in paragraph 39 of the Complaint.

40. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

2581413.1/SP/83057/0701/091708

42. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

## PRAYER FOR RELIEF

Trans Union denies the relief sought by Plaintiffs in Prayer for Relief section of the Complaint.

## TRIAL BY JURY

45. Trans Union admits Plaintiffs are seeking a Trial by Jury.

## DEFENSES

47. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs.

48. Trans Union alleges that any alleged damages to Plaintiffs, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiffs or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

2581413.1/SP/83057/0701/091708

49. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiffs.

50. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

51. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiffs and has not acted with negligence, malice, actual malice, or willful intent to injure.

52. Plaintiffs' common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the Fair Credit Reporting Act and state law.

53. Plaintiffs' claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, the Due Process Clause of the United States Constitution and the laws of the State of Alabama.

54. To the extent Trans Union could be found liable, Plaintiffs were comparatively/contributorily negligent.

55. In the event that a settlement is reached between Plaintiffs and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

56. Any alleged damages to Plaintiffs, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

57. Plaintiffs' claims are barred by waiver, laches, and estoppel.

58. Plaintiffs' claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

2581413.1/SP/83057/0701/091708

Respectfully submitted,

/s/ *Timothy M. Davis*
**KARY BRYANT WOLFE** (WOL016)
kwolfe@walstonwells.com
**TIMOTHY M DAVIS** (DAV162)
tdavis@walstonwells.com
**WALSTON, WELLS & BIRCHALL, LLP**
One Federal Place, Suite 1100
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 244-5281
(205) 244-5481 (Fax)

*COUNSEL FOR DEFENDANT TRANS UNION LLC*

9

## CERTIFICATE OF SERVICE

This is to certify that on the 19th of September, 2008, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

John G. Watts
john@wattslawgroup.com
Watts Law Group, P.C.
700 29th Street, Suite 201
Birmingham, AL  35233
Ph:  205-879-2447
Fax: 888-522-7167

   and

M. Stan Herring
msh@mstanherringlaw.com
M. Stan Herring, P.C.
700 29th Street, Suite 201
Birmingham, AL  35233
Ph:  205-714-4443
Fax: 888-522-7167
**COUNSEL FOR PLAINTIFFS**

Erin L Dickinson
eldickinson@jonesday.com
Jones Day
901 Lakeside Ave E
Cleveland, OH 44114
Ph: 216-586-3939

   and

L Jackson Young, Jr
ljy@ffdlaw.com
Ferguson Frost & Dodson LLP
2500 Acton Road, Suite 200
PO Box 430189
Birmingham, AL 35243-0189
Ph: 205-879-8722
Fax: 205-879-8831
**COUNSEL FOR EXPERIAN**

Brian J Olson
bjolson@kslaw.com
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Ph: 404-215-5806
Fax: 404-572-5100

   and

Victoria J Franklin-Sisson
victoriasisson@mhsolaw.com
Miller Hamilton Snider & Odom LLC
500 Financial Center
505 20th Street North
Birmingham, AL 35203
Ph: 205-226-5214
Fax: 205-226-5226
**COUNSEL FOR EQUIFAX**

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

   A1 Mortgage Corporation
   c/o Maria Salvati
   115 Sturbridge Lane
   Evans City, PA 16033

                              /s/ *Timothy M. Davis*
                              OF COUNSEL

2581413.1/SP/83057/0701/091708